UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RAYMOND CURTIS EVANS,** : | |
| Petitioner, : | |
| v. : | Civil Action No. 09-2123 (RWR) |
| **J.M. WILNER, Warden, et al.** : | |
| Respondents. : | |

## MEMORANDUM OPINION

Petitioner Raymond Curtis Evans is a prisoner who is currently confined at the United States Penitentiary in Florence, Colorado under sentence imposed by the Superior Court for the District of Columbia in 2004. Proceeding pro se, Evans paid the filing fee and filed a habeas petition under 28 U.S.C. § 2254 in the United States District Court for the District of Colorado. That court transferred the petition here. *See* Order of Transfer. Evans challenges the validity of his conviction, alleging three errors by the trial court. *See* Pet. at 4-5; Order of Transfer at 2. While Evans pursued a direct appeal to the District of Columbia Court of Appeals which affirmed his conviction and sentence, *see* Pet. at 2-3; Order of Transfer at 2, Evans did not pursue a post-conviction collateral review in the Superior Court for the District of Columbia, and asserts that he does not have to do so. *See* Pet. at 3-4; Order of Transfer at 2. For the reasons explained below, the petition will be dismissed for lack of jurisdiction.

A prisoner under sentence imposed by the Superior Court who collaterally challenges his Superior Court conviction and sentence on the basis of errors made during the trial or sentencing

-2-

must do so under D.C. Code § 23-110. *See Blair-Bey v. Quick,* 151 F.3d 1036, 1042 (D.C. Cir. 1998) (stating that § 23-110 is the exclusive remedy for such challenges).

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion [made under D.C. Code § 23-110] shall not be entertained by . . . any Federal or State court if it appears that the applicant has failed to make a motion for relief under [§ 23-110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g).[1] In short, this court cannot entertain Evans' habeas petition unless he demonstrates that a motion under § 23-110 is inadequate or ineffective. As Evans has not sought relief under § 23-110 and has not demonstrated that a motion under § 23-110 is inadequate or ineffective to test the legality of his conviction, this court does not have jurisdiction. Therefore, his habeas petition before this court must be dismissed for lack of jurisdiction. A separate final order accompanies this memorandum opinion.

SIGNED this 7th day of December, 2009.

/s/
RICHARD W. ROBERTS
United States District Judge

---

[1] Unlike other prisoners convicted in state courts or those convicted in a United States District Court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum [under either Section 2254 or Section 2255] unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson,* 119 F.3d 34, 37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not.").